RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0150P (6th Cir.)
File Name: 04a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

DERRICK QUINTERO,
    *Petitioner-Appellee,*

    *v.*          No. 99-6724

RICKY BELL, Warden,
    *Respondent-Appellant.*

On Remand from the United States Supreme Court.
No. 98-00246—Thomas B. Russell, District Judge.

Submitted: March 15, 2001

Decided and Filed: May 24, 2004

Before: KEITH, NORRIS, and DAUGHTREY, Circuit
Judges.

———————————

### COUNSEL

**ON BRIEF:** Rickie L. Pearson, OFFICE OF THE
ATTORNEY GENERAL, Frankfort, Kentucky, for
Appellant. Paul L. Whalen, Ft. Thomas, Kentucky, for
Appellee.

———————————

### OPINION

———————————

ALAN E. NORRIS, Circuit Judge. Petitioner Derrick
Quintero brought this action for a writ of habeas corpus in
federal district court, alleging that he had suffered ineffective
assistance of counsel because his attorney failed to object to
the presence of seven jurors who had served on the juries that
convicted his co-conspirators. The district court conditionally
granted the writ, and we affirmed in a published opinion.
*Quintero v. Bell*, 256 F.3d 409 (6th Cir. 2001). Respondent
warden filed a petition for certiorari with the United States
Supreme Court. The Supreme Court granted certiorari and
vacated our opinion, remanding for reconsideration in light of
its opinion in *Bell v. Cone*, 535 U.S. 685 (2002). *Bell v.
Quintero*, 535 U.S. 1109 (2002). Because *Cone* is
distinguishable on its facts, we affirm the judgment of the
district court and reinstate our original opinion.

In *Cone*, the Supreme Court reversed a decision of this
court granting a petitioner a writ of habeas corpus. In that
case, the petitioner, Cone, had been sentenced to death at a
hearing in which his counsel failed to introduce any evidence
of mitigation or make a closing statement. We determined
that defense counsel's failures were so egregious that they
permitted a presumption of prejudice, relying on the Supreme
Court's decision in *United States v. Cronic*, 466 U.S. 648
(1984). In *Cronic*, the Supreme Court permitted prejudice to
be presumed where "counsel entirely fail[ed] to subject the
prosecution's case to meaningful adversarial testing,
[creating] a denial of Sixth Amendment rights that ma[de] the
adversary process itself presumptively unreliable." *Cronic*,
466 U.S. at 659.

The Supreme Court disagreed with our application of the
rule in *Cronic* to Cone's case. The Court determined that
because "his counsel [did not] fail[] to oppose the prosecution

throughout the sentencing proceeding as a whole, but . . . failed to do so at specific points[,]" Cone was not entitled to a presumption of prejudice, because that presumption arose under *Cronic* only "if counsel *entirely* fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Cone*, 535 U.S. at 697 (quoting *Cronic*, 466 U.S. at 659) (emphasis in original).

On reviewing the Supreme Court's decision in *Cone* and the facts of this case, we conclude that the case at bar is distinguishable. Because the alleged deficient performance in *Cone* affected only specified parts of Cone's trial, prejudice could not be presumed. In the case at bar, on the other hand, counsel's acquiescence in allowing seven jurors who had convicted petitioner's co-conspirators to sit in judgment of his case surely amounted to an abandonment of "meaningful adversarial testing" *throughout* the proceeding, making "the adversary process itself presumptively unreliable." *Cronic*, 466 U.S. at 659. Accordingly, *Cone* is distinguishable, and petitioner is entitled to a presumption of prejudice.

For the foregoing reasons, the judgment of the district court is **affirmed** and our previous opinion in this matter, *Quintero v. Bell*, 256 F.3d 409 (6th Cir. 2001), is **reinstated**.